**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LAKEITH AMIR-SHARIF, #05081644,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **3:06-CV-0408-M** |
| | ) | **ECF** |
| **SHERIFF LUPE VALDEZ, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court filed on November 21, 2006, Plaintiff's letter motion filed on November 20, 2006, complaining of death threats against his life and requesting relocation from Defendant's custody has been referred to the United States Magistrate Judge. Also before the Court is Plaintiff's motion for protection from imminent danger filed on October 25, 2006. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On December 7, 2006, the Magistrate Judge held a *Spears* hearing at which Plaintiff appeared *pro se,* and Dallas County Sheriff Lupe Valdez appeared through Assistant District Attorney Peter Harlan.[1]

At the hearing, Plaintiff testified under oath about three incidents during which Dallas County officers allegedly subjected him to death threats and imminent danger of serious physical injury. On October 12, 2006, three jail guards entered Plaintiff's cell for the stated purpose

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

of escorting him to a parole revocation hearing. Plaintiff refused to comply with their direction claiming that they were in error because he was not subject to a parole revocation warrant. The guards threatened to use physical force to effect compliance with their command and subsequently called an extraction team (also known as SRT officers) to physically remove Plaintiff from his cell. Plaintiff in turn complied and no physical injury resulted.

On November 14, 2006, seven jail officers came to Plaintiff's cell to conduct a cell search. Plaintiff claims that his legal materials were thrown on the floor and left in disarray. During the search he was placed against the wall with his hands behind his back. He also claims that a choke hold was applied but admits that this did not result in a physical injury.

The final incident took place on December 4, 2006, on which occasion he claims that Officer Armstrong came to his cell for the purpose of provoking an altercation which could be used as a justification for the use of excessive force against him. However no physical confrontation or use of force took place.

The undersigned had the opportunity to observe Plaintiff's attitude and demeanor on December 7, 2006. Although his unhappiness with his confinement at the Dallas County Jail since October 11, 2005, is quite understandable, his belligerent and hostile attitude toward jail personnel is wholly unjustified. The orderly operation of the jail requires that confined persons comply with the directions of guards, even when based on erroneous information, such as that which occurred on October 12, 2006. The threats of the use of force directed against Plaintiff are in large measure the result of Plaintiff's history of refusing to cooperate and comply with directions of jail personnel and undoubtedly would cease were Plaintiff to change his attitude and demeanor.

In light of the above, the Court concludes that Plaintiff has failed to demonstrate that he is under imminent danger of serious physical injury. His own testimony establishes that he did not

suffer any physical harm as a result of the three incidents outlined above. Accordingly, his request for protection and for relocation should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's emergency motion for protection and his letter motion seeking relocation (docket # 41 and #48) should be DENIED.

A copy of this recommendation will be MAILED to Plaintiff at the Dallas County Jail, and to Sheriff Valdez in care of Peter Harlan, Assistant Dallas County District Attorney.

Signed this 11th day of December, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.