IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEITH AMIR-SHARIF, #05081644, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0408-M |
| | ) | ECF |
| SHERIFF LUPE VALDEZ, et al., | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: At the time of filing this action Plaintiff was incarcerated at the Dallas County Jail in Dallas, Texas. He is presently residing in Dallas, Texas.

Defendants are Dallas County Sheriff Lupe Valdez, Officer Jay Abel, Officer Quintatina Hayden, Captain Ledford, Dallas County, Chief Deputy Edgar L. McMillian, Jr. (Amended Complaint filed October 18, 2006).

Procedural History: On April 3, 2007, the District Court accepted the findings and recommendations of the Magistrate Judge and issued process on the following claims: (1) Plaintiff's claim for excessive use of force against Defendant Abell, (2) Plaintiff's claim for failure to intervene and stop the excessive use of force against Defendant Hayden; and (3)

Plaintiff's claims alleging acquiescence in the use of force to maintain order at the Dallas County Jail, and failure to train and supervise Officer Abell against Defendants Dallas County, Sheriff Valdez, Capt. Ledford, and Chief McMillian.

On April 18, 2007, Defendants Valdez, Ledford, McMillan, and Dallas County moved the Court to dismiss this case for failure to state a claim. Plaintiff filed a response.

Findings and Conclusions: Defendants seek to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). They argue that Plaintiff failed to exhaust administrative remedies before filing this action, that his request for monetary relief is barred by the doctrine of qualified immunity, that his request for injunctive relief is moot. (*See* Defendant's motion to dismiss filed on April 19, 2007).[1]

A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Recently in *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)*,* the Supreme Court made clear that the *Conley* rule is not "the minimum standard of adequate pleading to govern a complaint's survival." 127 S.Ct. at 1968-69; *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

---

[1] Defendants also sought dismissal on the basis of improper service of process on Dallas County, which appears to have been an error on the part of the U.S. Marshal's Office. On August 27, 2007, the Magistrate Judge re-issued summons and Dallas County was served with process on September 27, 2007. (Docket #95).

at 1965 (quotation marks, citations, and footnote omitted).

Defendants cannot establish that Plaintiff's complaint must be dismissed as a matter of law for failure to exhaust administrative remedies. Plaintiff alleges that Defendants failed to advise him of the second step of the grievance procedure at the Dallas County Jail. (Plaintiff's Resp. to Mot. to Dism. at 3-7). He further alleges that prison officials interfered with and obstructed his efforts to exhaust administrative remedies. (*Id.*). The misconduct of prison officials in connection with an inmate's attempt to exhaust may render administrative remedies unavailable and, thus, preclude a defendant from raising failure to exhaust as an affirmative defense. *See Aceves v. Swanson,* 75 Fed. Appx. 295, 296 (5th Cir. 2003) (per curiam) (administrative remedies were unavailable because prison authorities repeatedly refused or failed to give an inmate the appropriate grievance forms despite his requests); *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003) (same); *see also Ziemba v. Wezner,* 366 F.3d 161, 163 (2d Cir. 2004) (affirmative defense of exhaustion is subject to estoppel if prison officials preclude the inmate from exhausting administrative remedies); *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 996-97 (6th Cir. 2004) (prison officials' failure to respond to prison grievances rendered administrative remedies unavailable).

Next Defendants allege that they are entitled to qualified immunity on Plaintiff's claims for monetary damages. Defendants' arguments are conclusory in the extreme, thus precluding any determination as a matter of law that Defendants are entitled to qualified immunity.

The Court agrees that Plaintiff's release from confinement rendered moot his claims for equitable relief against the Defendants. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (even if inmate was able to establish constitutional violation, his transfer to another prison rendered moot his claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock*

*County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there). Any suggestion of relief based on the possibility of re-incarceration at the Dallas County Jail is too speculative to warrant relief. *See Herman*, 238 F.3d at 665 (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir.1987)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion to dismiss (Docket # 84) be DENIED except in connection with Plaintiff's equitable relief claims, which should be DISMISSED as moot.

A copy of this recommendation will be transmitted to Plaintiff and Counsel for Defendants.

Signed this 25th day of October, 2007.

                                                          WM. F. SANDERSON, JR.
                                                          UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

4