# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LAKEITH AMIR-SHARIF, #05081644, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0408-M |
| | ) | |
| SHERIFF LUPE VALDEZ, et al., | ) | |
|     Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Following initial screening, the court dismissed this case in part and issued process in part.

Parties: At the time of filing this action Plaintiff Lakeith Amir-Sharif (Amir-Sharif) was a pre-trial detainee at the Dallas County Jail. Thereafter, he was released on pre-trial bond and requested the court to mail all court orders and correspondence relating to this case to a personal post office box in Dallas. The Defendants remaining in this case are Sheriff Lupe Valdez, Captain Ledford, Dallas County, Chief Deputy Edgar L. McMillian, Jr., and Officers Quintina Hayden and Jay Abell.

Findings and Conclusions: Plaintiff has a long and frivolous filing history in this court. During the last two and one-half years, he filed seventeen district court actions, and eighteen

appeals. The majority of his actions and appeals were dismissed as frivolous and for want of prosecution.

As a result of Amir-Sharif's continued abuse of the legal process and frivolous filings, the United States Court of Appeals for the Fifth Circuit imposed a $455.00 sanction on March 14, 2008, and "barred him from filing any pleading in this court or in any court subject to this court's jurisdiction until the total amount of the sanction imposed on him is paid in full." *Amir-Sharif v. Sheriff Deputy Gonzalez, et al.*, No. 3:06cv2269 (N.D. Tex., Dallas Div.), Appeal No. 07-10635, slip op. at 2 (5th Cir. 2008) (unpublished per curiam).

On March 21, 2008, the District Court stayed all proceedings in this case until Amir-Sharif paid the above Fifth Circuit sanction. Since then Plaintiff has wholly failed to contact this court in any way about his case, or pay any portion of the monetary sanction. As a result, on July 1, 2008, the undersigned issued an order to Plaintiff directing him to show cause why this case should not be dismissed pursuant to Rule 41(b), Federal Rules of Civil Procedure, for his failure to pay the $455.00 sanction imposed by the Fifth Circuit in No. 07-10635. As of the date of this recommendation, Plaintiff has not responded to the show cause order or requested an extension of time to do so.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash*

2

*R.R. Co.*, 370 U.S. 626 (1962)).

If the statute of limitations bars re-prosecution of a suit dismissed under Rule 41(b) without prejudice, such as in the case at hand, the scope of the district court's discretion is narrower. Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).[1]

Amir-Sharif has a clear record of delay and contumacious conduct. This case has been pending for over two and one-half years. He has not responded to the court's July 1, 2008 order in a timely manner. Nor has he notified the court of any address change since his release on bond on or about February 21, 2007.

Over the last two years, in this as well as in his many other cases, the court gave Amir-Sharif ample notice that he must keep the court appraised at all times of his change of address, and that his failure to do so would result in the dismissal of his case for want of prosecution. The civil rights complaint form specifically notified him of the notice of address requirement and warned him of the consequences if he failed to comply. *See* Complaint filed March 6, 2006 at p. 2 (Doc. #1). The court reiterated the above notice and warning in the filing fee order filed on March 11, 2006. *See* Ord at ¶ 8 (Doc. #3).

---

[1] When a plaintiff's action would be barred by the statute of limitations, a dismissal under Rule 41(b) is tantamount to a dismissal with prejudice. *Berry*, 975 F.2d at 1191.

Plaintiff's failure to provide notice of his current address or to comply with the July 1, 2008 order, evinces a clear disregard for the proceedings in this case. The court is not required to delay disposition in this case until such time as Plaintiff decides to provide notice of his current address. Moreover, in the more than one-year period since he was released from the Dallas County Jail on pre-trial bond, *see* February 21, 2007 Notice of Change of Address, Amir-Sharif has made no installment payment toward the $250.00 filing fee in this case under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(b), and the court's filing fee order filed on March 10, 2006. A balance of $202.30 remains.[2]

Amir-Sharif has paid nothing toward the Fifth Circuit $455.00 sanction in No. 07-10635, *supra*, or the additional $100.00 sanction which the Fifth Circuit imposed on him for repeatedly filing frivolous actions, s*ee Amir-Sharif v. Dallas County Texas, et al.*, No. 07-10582 (5th Cir. Mar. 13, 2008) (unpublished per curiam).

In light of Amir-Sharif's above described conduct and omissions, a lesser sanction than dismissal would not prompt diligent prosecution. In this case, as well as in his many other cases before the district and appellate courts, Plaintiff has displayed a pattern of filing frivolous cases and repeatedly failing to obey court rules and procedures. Accordingly, the District Court should exercise its discretion to dismiss this case under Rule 41(b) notwithstanding the fact that further litigation of Plaintiff's claims would be barred by limitations.

---

[2] Amir-Sharif made three installment payments in 2006 and one in 2007. The latter was on January 9, 2007, before he was released on pre-trial bond.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be transmitted to counsel for Defendants and to Plaintiff at the address shown on the clerk's docket sheet.

Signed this 29th day of July, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.